UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clyde L. Owens, Jr., | ) C/A No. 0:06-427-HFF-BM |
|         Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Darlington County Detention Center;<br>Darlington County; and<br>Sheriff Glenn Campbell, | ) |
|         Defendants. | ) |

The plaintiff, Clyde L. Owens, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Darlington County Detention Center. The complaint names the detention center, Darlington County and the Sheriff as defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less



stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

The complaint makes general allegations of lack of proper regulations, exercise and medical care.  The entire statement of claim in the complaint states verbatim as follows:

> Darlington County Dention ctr. Responsible for inmate care with proper procedure, excercise, recreation, medical care.  Failure to provide medical care failure to respond to ailments and complaints inmates (Greivances) Darlington County Responsible for Darlington County Dentention ctr rules regulations and inmate welfare.  Failure to offer inmate program services, due process Sheriff Glenn Campbell responsible for employees to run DCDC and to construct proper procedure.  Failure to do so.  Adopt own procedure not within guidelines of rules + regulations of county jail.

Complaint at 4.

The request for relief states: "I wish to sue the three defendants for all accusations, also provide proffessional counseling." Complaint at 6.  The complaint contains no other factual information or allegations.

## Discussion

The complaint is construed as filed pursuant to 42 U.S.C. § 1983. [1]  To state a cause of action under 42 U.S.C. § 1983, Plaintiff must allege that he was injured by a defendant's "deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a person acting "under color of state law."  *See* 42 U.S.C. § 1983;

---

[1] The complaint is filed on a form used for federal prisoners to file an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971); however, the defendants are not federal employees, but could be acting under color of state law for purposes of a claim under 42 U.S.C. § 1983.



Monroe v. Page, 365 U.S. 167 (1961).  The complaint fails to state such a claim.

First, the complaint names the Darlington County Detention Center as a defendant. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person."  The Darlington County Detention Center is a group of buildings or a facility, and inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Darlington County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983.  *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The Darlington County Detention Center is therefore entitled to dismissal as a defendant in this case.

The complaint also names Darlington County as a defendant.  However, to the extent Plaintiff relies on the doctrine of respondeat superior in making a claim against this Defendant, this doctrine is generally not applicable to § 1983 actions.  *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)); Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing Monell, 436 U.S. at 692-94).  Hence, a municipality may not be held liable under § 1983

3



solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. Board of County Commissioners v. Brown, 520 U.S. 397 (1997); *see, e.g.,* McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them."); Knight v. Vernon, 214 F.3d 544 (4th Cir. 2000) [Table]. As Plaintiff has alleged no actionable conduct by Darlington County, nor identified any actionable policy or custom of Darlington County that caused the deprivation of a federal right, this Defendant is also entitled to dismissal.

The final Defendant named in this action is Darlington County Sheriff Glenn Campbell. While Defendant Campbell could be liable under § 1983 in his individual capacity if a policy or custom for which he is responsible has caused a deprivation of Plaintiff's rights, the allegations of the complaint are complaining about actions of employees of the detention center or medical personnel at the jail. No policy or custom of Sheriff Campbell's is cited, and he cannot be held liable for the actions of detention center personnel under § 1983, even if they are his subordinates, unless the actions resulting in the deprivation of a federal right are the result of policies or customs for which he is responsible. *See generally*, Vinnedge v. Gibbs, 550 F.2d 926, 927-29, & nn. 1-2 (4th Cir. 1977); *see* Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982)(citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)); Stubby v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C. 1992). Section 1983 liability on the part of a



supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  The complaint makes no factual allegations against Defendant Campbell that claim he authorized or was indifferent to any violation of the Plaintiff's constitutional rights. Rather, it is readily apparent that he has been named as a party Defendant solely because he is the Sheriff of the County. Therefore, Sheriff Glenn Campbell is also entitled to dismissal as a defendant in this case.

Finally, even if Plaintiff had named a proper party Defendant in this action, the complaint should still be dismissed for failure to state a claim based on the lack of any specific allegations of wrongdoing against the Plaintiff.  Although the Court is bound to liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements that Detention Center personnel failed to respond to "ailments" or failed to offer "inmate program services" to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995).  *See also* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case, as an evidentiary matter, in the complaint, he is required to allege facts that would at least  support a claim for relief. Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003). The plaintiff has the burden to allege facts sufficient to state all the elements of his claim, and his conclusory statements are not sufficient factual allegations to support a claim under § 1983.  *See* Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).("[T]he Supreme Court's holding in Swierkiewicz



v. Sorema, 534 U.S. 506, 515 (2002), did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim."). The complaint fails to make factual allegations that state a claim for deprivation of a federal right by a person acting under color of state law, and his § 1983 complaint should therefore be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

March 16, 2006
Columbia, South Carolina



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
