

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CLYDE L. OWENS, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:06-427-HFF-BM |
| § | |
| DARLINGTON COUNTY DETENTION § | |
| CENTER, DARLINGTON COUNTY, and § | |
| SHERIFF GLENN CAMPBELL, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATIONS AND RECOMMITTING**

This is a civil rights action filed under 28 U.S.C. § 1983. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge which suggests that the Court dismiss the case *without prejudice* and without issuance of process. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 17, 2006, and Plaintiff filed objections thereto on March 29, 2006. The Report recommends that Defendant Darlington County Detention Center be dismissed because it is not a "person" under 42 U.S.C. § 1983 and is, therefore, not subject to suit under that section. The Report further recommends that Defendant Darlington County be dismissed because, first, as a general matter, a county will not be liable under § 1983 on a theory of *respondeat supreior* and, second, Plaintiff failed to allege any policy or custom of the county which caused his injury. Plaintiff does not object to these recommendations, and the Court now adopts them. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that in the absence of such objections, the Court is not required to give any explanation for adopting the recommendation).

The Magistrate Judge next recommends that Defendant Sheriff Glenn Campbell be dismissed from the suit because, as with the county, the sheriff will not be liable under § 1983 on a theory of *respondeat superior* and Plaintiff did not allege that any policy or custom of the sheriff deprived him of any federal rights. Further, the Report concludes that Plaintiff failed to assert any factual allegations in his complaint, instead only making conclusory statements as to the injuries he had allegedly suffered. Plaintiff now objects to these recommendations in a filing which, in essence, recasts his allegations against Defendant Campbell to allege that Campbell instituted policies at the Darlington County Detention Center which resulted in injury to Plaintiff.

Although Plaintiff's complaint may suffer from some other defect or may be subject to dismissal or summary judgment at a later stage, the Court finds that Plaintiff has cured the deficiencies which were apparent in his complaint at the time the Magistrate Judge issued the Report.

2

*See Hughes v. Rowe*, 449 U.S. 5 (1980) (noting that a *pro se* litigant's filings are entitled to a liberal construction). The Court, therefore, concludes that Plaintiff's objections should be construed as an amendment of his original complaint and that the Magistrate Judge should re-examine this case in light of the allegations made in Plaintiff's objections.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts and incorporates herein those portions of the Report which conclude that Defendant Darlington County Detention Center and Defendant Darlington County should be dismissed from this suit. These Defendants are hereby **DISMISSED** and this case is **RECOMMITTED** to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE