IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CLYDE L. OWENS, JR.,  )<br>                                                 )<br>          Plaintiff,              )<br>                                                 )<br> v.                                           )<br>                                                 )<br> SHERIFF GLENN CAMPBELL;   )<br> CAPTAIN COE; DR. HOMER GAMBLE,  )<br>                                                 )<br>          Defendants.          )<br> _____) | CIVIL ACTION NO. 0:06-427-HFF-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Darlington County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendant Homer Gamble filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 11, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 12, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant Gamble's motion may be granted. On October 30, 2006, the remaining Defendants also filed a motion for summary judgment. Plaintiff thereafter filed a response in opposition to summary judgment on November 14, 2006.

Following resolution of an issue which had arisen concerning Plaintiff's mailing address, a second Roseboro order was entered by the Court on November 20, 2006. Plaintiff was subsequently granted an extension of time by the Court to file any additional response(s) to the



1

motions for summary judgment, and a supplemental response was thereafter entered on January 12, 2007. Defendants' motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified amended Complaint[2] that on or about December 2005, the Defendant Campbell (alleged to be the Sheriff of Darlington County) changed the procedure at the Darlington County Detention regarding recreation. Plaintiff alleges that, previously, inmates in "A-Pod" would usually get one or one half hour (or both) of recreation a day, but that following the change in procedure A-Pod inmates only were allowed out for recreation every two days, and sometimes three days, depending on the population count. Plaintiff also complains that, during recreation, you are "made to be shackled with leg restraints, wrist restraints and waist restraints" which do not allow for adequate recreation.

Plaintiff alleges that "after awhile my back aches and my body I'm getting fat and

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2] Plaintiff originally filed a verified Complaint on February 24, 2006. That complaint suffered from several deficiencies which resulted in a Report and Recommendation for summary dismissal. The Court treated Plaintiff's objections to that Report and Recommendation (Court Document No. 9) as amendments to his Complaint, thereby curing the original deficiencies, and allowed this lawsuit to continue against the three named individual Defendants. Although the document which has been docketed by the Court as Plaintiff's "amendment" is not itself verified, the undersigned has considered it as essentially an attachment to his original verified Complaint, and that all of his allegations are therefore verified. In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Therefore, the undersigned has considered the factual allegations set forth in Plaintiff's Complaint (as amended) in issuing a recommendation in this case.

2



have terrible headaches...." Plaintiff further complains that, since December 2005, "they stopped letting the preacher come in here, they would be, Cpt. Coe."

Finally, Plaintiff complains that the Defendant Gamble (alleged to be a physician) treated him for scabs in his nose, following which a nurse ("Sunny") "gave orders for me to Lotrin in my nose cavity which irritated the sickness because Lotrin is an external medication." Plaintiff alleges that that was a "medical mistake", but that "they will not see me." Plaintiff alleges he has severe pain and deformities in his nose. Plaintiff seeks "professional counseling", but does not request any other relief in his Complaint. See generally, Court Document Nos. 1, 6 and 9.

In support of summary judgment in the case, the Defendants Campbell and Coe have submitted an affidavit from Kenny Lynch, who attests that he is the Director of the Darlington County Detention Center. Lynch attests that his office handles the day to day operations of the Detention Center, and that Sheriff Campbell has no involvement in the day to day activities of the facility. Lynch further attests that the Defendant Captain Coe is the Captain of Operations at the Detention Center, and in this position operates in a supervisory capacity.

Lynch attests that during the period in and around December 2005 (the time period relevant to Plaintiff's complaints), Plaintiff was incarcerated in a maximum security unit. Lynch attests that security precautions in this unit had to be increased due to an influx of detainees in the unit who have experienced behavioral problems while incarcerated, and that as a result the recreation privileges were altered to provide for a one hour recreation period for maximum security inmates per day, which was a change from the previous policy that had allowed detainees to have a much more liberal recreation availability. Lynch further attests that, because of the past problems associated with these inmates, it was necessary for the safety and security of the Institution, the



3

inmates, as well as the staff to require that recreation be taken while in restraints.

Lynch attests that, because of the heightened security needs of the maximum security unit, members of the Clergy and Gideon Association were no longer allowed free access to the detainees in the unit, a change which was required not only because of security needs, but because of a need to protect the clergy members themselves. Lynch further attests, however, that if a detainee required or requested the attention and presence of a member of the clergy, that request was honored.

Lynch attests that these changes were not made for the purpose of punishment, but were made solely for the purpose of enhancing the safety and security of the Detention Center, and that while some of Plaintiff's privileges were tightened, this was done for the protection of the Plaintiff, as well as other inmates, staff, officers, and ultimately the public. Finally, Lynch attests that Plaintiff is no longer incarcerated at the Darlington County Detention Center. See generally, Lynch Affidavit.

The Defendants Campbell and Coe have also submitted a copy of the Detention Center's procedure for providing recreation, which provides that, for inmates held for more than seventy-two (72) hours, each inmate in the general population shall be given the opportunity to participate in at least one hour of physical exercise each day outside the cell, and that when weather allows, a minimum of three hours per week of such exercise should take place outdoors. This policy further provides that, whenever possible, three hours per week of physical exercise away from the cell or room should be provided for any inmate confined in segregation, and that when weather allows, such exercise should take place outdoors. See Exhibit.

In his response filed November 14, 2006 (which has been submitted in affidavit

4



form), Plaintiff states that, with regard to religious activity, during the relevant time period he was "actively seeking religious enlightenment and not allowed access to the clergy." Plaintiff also continues to state that he was denied proper recreational opportunities, which resulted in his having "backaches, weight gain, chest pains, and fatigue." Plaintiff also continues to argue that Defendants Campbell and Coe should be held responsible for the conditions at the Detention Center, and also states that he did file a grievance while incarcerated at the facility, but that he never received a final determination on his grievance.

In his second responsive filing of January 12, 2007, Plaintiff states that he "undertook the administrative process but did not receive a reply to his initial grievance before he was sentenced and transferred to SCDC." Plaintiff has also submitted a copy of an affidavit from Scott Buie, who attests that, when he was incarcerated at the Darlington County Detention Center, he had a seizure, following which he was dragged from his room and thrown into a restraint chair for three hours. Buie goes on to attests to other treatment he received at the Detention Center, specifically at the hands of a "Sgt. Cooper" and a "Cpl. Marcus". See generally, Buie Affidavit. A second document submitted by the Plaintiff contains an illegible signature but appears to discuss medication for an unknown prisoner.

Plaintiff has also submitted affidavits from inmates Keith Wallace and Harry Roloer, who both complain about the conditions in the "A-Pod" during a period of incarceration at the Darlington County Detention Center, in particular having to wear shackles during recreation and not having access to "preachers". Plaintiff has also submitted a copy of what appears to be a package for prednisone tablets, with his name hand written on it and indicating the medication was "for back pain".

5



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

This case is a classic example of the difficulties presented by pro se litigants attempting to bring claims in federal court, and of the difficulty courts have in dealing with these cases. As noted, courts liberally construe pro se pleadings to allow the development of a potentially meritorious claim, while at the same time courts must be fair to Defendants in enforcement of the rules of procedure for litigating claims in this Court, and in particular not allow litigates to continually change their claims or theories of liability during the course of the litigation such that they present a moving target for Defendants to defend. Here, Plaintiff's complaint, as initially filed, was subject to summary dismissal because he failed to even name a proper party Defendant for suit.

6



This was simply not a defect which could be overlooked by the Court, and a recommendation for dismissal was therefore entered based on Plaintiff's failure to name proper parties. Granting Plaintiff the liberal treatment customarily afforded pro se litigants, the Court thereafter allowed Plaintiff's "objections" to dismissal of his case to be considered as an amendment to his Complaint, and since his objections named individuals who were subject to suit under § 1983, this case was allowed to continue. Nevertheless, Plaintiff's claims were, even at that point, only presented in the most general and conclusory fashion, with few specifics.

More importantly, since the filing of this action Plaintiff has now been transferred to the South Carolina Department of Corrections, where he is serving a custody sentence following his conviction on criminal charges. As previously noted in the background and evidence portion of this Report and Recommendation, supra, Plaintiff only requested injunctive and/or declaratory relief in this action, and under the applicable caselaw, since Plaintiff is no longer being housed at the Darlington County Detention Center, his claims for declaratory and/or injunctive relief are moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir. 1983); Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Therefore, this case is again subject to dismissal.

Whether Plaintiff's claims could survive summary judgment if still viable relief had



been requested is at this point problematical.³ This case is moot as presently before the Court, and this Court cannot rewrite his pleadings to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Therefore, this case should

---

³Defendants argue, inter alia, that even if Plaintiff has otherwise presented a cognizable claim, his entire case should nevertheless be dismissed because Plaintiff failed to exhaust his administrative remedies with regard to his claims prior to proceeding with this lawsuit. Exhaustion of available administrative remedies is a requirement for proceeding with a § 1983 lawsuit in federal court. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516 (2002); Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003) [as applied to pretrial detainees]. However, Plaintiff asserts in his verified Complaint that he attempted to exhaust the jail administrative grievance process, but that he never received any response, and while Defendants argue that Plaintiff should still have been required to await the conclusion of the grievance process, no affidavits, copies of documents, or any other evidence has been provided by the Defendants to explain the Detention Center grievance procedure or what exactly happened with Plaintiff's grievance. Since it is the Defendants' burden to show that a prisoner/plaintiff failed to exhaust their administrative remedies prior to bringing a lawsuit; Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pleaded and proven by the defendant]; and since Defendants have failed to submit any *evidence* to show what happened to Plaintiff's grievance, there would appear, at least for purposes of summary judgment, to be a material issue of fact as to whether Plaintiff exhausted whatever administrative procedures existed at the Detention Center, and the Defendants would therefore not entitled to summary judgment on this ground. See also Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [following the lead of the...other circuits that have considered the issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable].

Further, at least with respect to the Defendant Gamble, no evidence has been submitted by way of affidavit or otherwise to show what medical care was provided to the Plaintiff in response to the medical claims Plaintiff makes in his amended Complaint. Rather, this Defendant has only provided argument for summary judgment, which makes it doubtful summary judgment could be granted, at least with respect to Plaintiff's medical claims, since it is the moving party who has the burden of proving that judgment on the pleadings is appropriate. Rule 56, Fed.R.Civ.P.; see Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; *cf.* Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

8



be dismissed.

## **<u>Conclusion</u>**

Based on the foregoing, it is recommended that this case be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 26, 2007

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10

