

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CLYDE L. OWENS, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:06-427-HFF-BM |
| § | |
| SHERIFF GLENN CAMPBELL; § | |
| CAPTAIN COE; DR. HOMER GAMBLE, § | |
| § | |
| Defendants. § | |

**ORDER DISMISSING CLAIMS AGAINST DEFENDANTS CAMPBELL AND COE;
GRANTING DEFENDANT GAMBLE'S MOTION FOR SUMMARY JUDGMENT; AND
DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

## I.   INTRODUCTION

This is a civil rights action brought pursuant to 28 U.S.C. § 1983.  Plaintiff, who was a pretrial detainee at the time he filed this action, is proceeding pro se.  Pending before the Court are (1) the Magistrate Judge's Report and Recommendation; (2) Defendants' motions for summary judgment; and (3) Plaintiff's motion to appoint counsel.

## II.   DISCUSSION

### A.   **Magistrate Judge's Report and Recommendation**

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the case, *without prejudice*.

The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 26, 2007, and the Clerk entered Plaintiff's objections on April 6, 2007. The Report recommends that this Court dismiss the case because (1) the only relief sought by Plaintiff is declaratory and/or injunctive relief and (2) Plaintiff is no longer detained at the Darlington County Detention Center.

Much of Plaintiff's objection memorandum merely restates allegations Plaintiff has made in previous filings and fails to address the legal reasoning of the Report.[1] Those portions of the Report to which Plaintiff failed to specifically object will be adopted. However, Plaintiff makes one statement that could be construed as an objection to the Report. Plaintiff states that he "seek's [sic] Damages for Pain and suffering and Medical necessary for what appears to be permanant [sic] Injury to Nasal cavity due to negligence of Medical staff and Employees (defendents) [sic] of D.C.D.C.

---

[1] Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (noting that failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review).

pertaining to this case." With this statement, Plaintiff seems to object to the Magistrate's determination that Plaintiff has not sought monetary damages.

Although Plaintiff failed to specify that he is seeking monetary damages in any previous filing, the Court must liberally construe Plaintiff's pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In his objections, Plaintiff states that he seeks monetary damages from "Medical staff and Employers;" however, the claim relating to injury in Plaintiff's nasal cavity can be construed to lie only against Defendant Gamble. Accordingly, because the claims against Defendants Campbell and Coe are for declaratory and/or injunctive relief, those claims must be dismissed as the relief is now moot. However, liberally construing Plaintiff's pro se complaint, the Court concludes that Plaintiff has asserted a claim against Defendant Gamble for monetary damages.

### B. Defendants' Motions for Summary Judgment

The Court will address only Defendant Gamble's motion for summary judgment because, as previously noted, the claims against Defendants Campbell and Coe will be dismissed as moot.

Plaintiff alleges that Defendant Gamble was deliberately indifferent to Plaintiff's medical needs. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.[2]

---

[2] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights

To state a cognizable claim of medical mistreatment, a prisoner in a § 1983 action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976)). To establish that a health care provider's actions constitute deliberate indifference to serious medical needs, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). For Plaintiff to recover, he must show that (1) his medical needs were serious or life threatening and (2) that Defendant Gamble was deliberately and intentionally indifferent to those needs of which he was aware. *Estelle*, 429 U.S. at 104-05; *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (holding that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety").[3]

Here, Plaintiff alleges that Defendant Gamble was deliberately indifferent to Plaintiff's medical needs regarding "dryness and scabbing and otherwise painful sores inside the upper portion of [Plaintiff's] inner nostril." However, Plaintiff is unable to show that Defendant Gamble was

---

were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle*, 429 U.S. 97).

[3] Although *Farmer v. Brennan*, 511 U.S. 825 (1994) discusses a *Bivens* claim, case law involving *Bivens* claims is applicable in § 1983 actions and vice versa. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988); *Osabutey v. Welch*, 857 F.2d 220, 221-23 n.5 (4th Cir. 1988); *Tarantino v. Baker*, 825 F.2d 772, 773-75 n. 2 (4th Cir. 1987).

deliberately and intentionally indifferent to Plaintiff's needs. Plaintiff was seen by Defendant Gamble and treated with medications. Plaintiff seems to disagree with the type and amount of medical treatment he received.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The type and amount of medical care is discretionary. *See, e.g., Brown v. Thompson*, 868 F. Supp. 326, 330 n.2 (S.D. Ga. 1994). Although Plaintiff believes that he should have received different medical treatment, he fails to show that Defendant Gamble's acts or omissions rose to the level of a constitutional violation. Accordingly, Defendant Gamble's motion for summary judgment will be granted.

### C. Plaintiff's Motion to Appoint Counsel

The Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e)(1) (2006); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). However, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). After a thorough review of the record in this case, the Court concludes that there are no exceptional circumstances which justify the appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

### III. CONCLUSION

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court adopts, in part, the Report and incorporates it herein to the extent that it does not contradict the terms of this Order. Based on the foregoing, the claims against Defendants Campbell and Coe are hereby **DISMISSED**, *without prejudice*; Defendant

Gamble's motion for summary judgment is **GRANTED**; and Plaintiff's motion to appoint counsel is **DENIED**.

    **IT IS SO ORDERED**.

Signed this 25th day of July, 2007, in Spartanburg, South Carolina.

                                                s/Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE

*\*\*\*\*\**
**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.